## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

**Petitioner,**

**v.**                                                    **CASE NO. 24-3080-JWL**

**LIBBY SNYDER, ET AL.,**

**Respondents.**

## ORDER

Petitioner James C. Strader, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. When Petitioner filed his petition on May 23, 2024, he also filed a motion for leave to proceed in forma pauperis (IFP) (Doc. 2), but he did not submit the appropriate financial documents required to support his motion. Thus, on May 28, 2024, the Court issued a notice of deficiency (NOD) directing Petitioner to submit the required documents on or before June 27, 2024. (Doc. 3.)

On June 24, 2024, Petitioner filed a "Motion for Stay, Auto, order - - and [Extension]." (Doc. 5.) The Court liberally construed the motion to include a request for additional time to comply with the NOD and granted that request, allowing Petitioner to and including July 29, 2024 in which to either pay the filing fee or submit the documentation required to support his motion to proceed in forma pauperis. (Doc. 6.)

The matter comes now before the Court on Petitioner's motion filed July 15, 2024. (Doc. 7.) Therein, Petitioner addresses multiple topics. First, he asks the Court to hold Respondents in contempt and he alleges that Respondents are refusing to send to the Court the money to pay the filing fee. *Id.* at 1-2. Petitioner asks the Court to order Respondents to send to the Court the filing

1

fee for this matter. *Id.* at 7. With respect to the filing fee, in light of Petitioner's assertions that he has twice tried to initiate the payment, the Court will extend the deadline for compliance with the NOD to August 30, 2024. Petitioner remains responsible for paying the filing fee or submitting the financial information required to support his motion to proceed in forma pauperis.

Petitioner also asks the Court to (1) appoint a federal prosecutor to assist Petitioner in his claims, (2) order that Respondents—and perhaps the Kansas Secretary of Corrections Administration—be fired and charged, (3) appoint the American Bar Association and the Federal Bar Association and order Respondents disbarred, and (6) award Petitioner monetary damages. *Id.* at 7. Even assuming that this Court has the authority to provide this sort of relief, none of these actions are merited by the information currently before this Court.[1] Thus, these requests are denied.

The current pro se motion also seeks leave to amend the petition, which Petitioner will be allowed to do. The Court will direct the clerk to provide Petitioner with the appropriate form for filing an amended petition. That being said, a preliminary review of the petition already filed in this matter reveals deficiencies that leave it subject to dismissal in its entirety. The Court will identify those deficiencies in this order. If Petitioner chooses to file an amended petition, the amended petition must not contain these same deficiencies. If Petitioner chooses not to file an

---

[1] The request for appointment of a federal prosecutor could be liberally construed as a request for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). At this point in this matter, where the petition before the Court fails to state a claim upon which federal habeas relief can be granted, the Court concludes that it is not in the interest of justice to appoint counsel.

amended petition, he must show cause, in writing, why this matter should not be dismissed without prejudice due to the deficiencies identified herein.

## Standards for Preliminary Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Respondents

In the petition, Petitioner names multiple Respondents, including attorneys for the Kansas Department of Corrections, state judges, the "Kansas Municipal Court System," and others. The motion now before the Court indicates that Petitioner wishes to add other individuals as respondents. The only proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is the only appropriate

Respondent in this matter. To the extent that Petitioner names other individuals or entities as respondents in this matter, such individuals and entities are subject to dismissal.

## Type of Claims Brought

Petitioner initiated this matter by filing a form petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) To obtain federal habeas corpus relief under § 2241, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). In his petition, Petitioner indicates that he is challenging how his sentence is being carried out, but he also indicates that he is challenging the validity of his conviction or sentence, disciplinary proceedings, "medical negligence," and other issues. (Doc. 1, p. 2-3.)

The petition articulates five grounds for relief and includes multiple claims or complaints in each ground, most of which are not properly brought under § 2241. *Id.* at 7-8, 10. For example, Ground One alleges that Petitioner is innocent of his crimes of conviction and asserts that the convictions were based on manufactured evidence and false testimony. (Doc. 1, p. 7.) Grounds Two through Five allege, among other things, physical and mental abuse by officials and medical malpractice (Ground Two); biased judges, prosecutors, and hearing officers (Ground Three); criminal negligence (Ground Four); and the violation of federal laws, state laws, and prison policies and procedures (Ground Five).

As has been previously and repeatedly explained to Petitioner in other cases he has filed, claims regarding unconstitutional conditions of confinement and the violation of his civil rights by state actors must be brought in a civil rights action under 42 U.S.C. § 1983, not a federal habeas

matter. *See Strader v. Schnurr*, Case. No. 23-3100-JWL, 2023 WL 2914210, *3 (D. Kan. April 12, 2023) (unpublished memorandum and order) (citing previous case in which this was explained to Petitioner). Claims alleging defects in the proceedings leading to his convictions or the sentences that were imposed upon him must be brought under 28 U.S.C. § 2254, but because Petitioner has already unsuccessfully sought § 2254 relief from the convictions in Johnson and Reno Counties, he must obtain authorization from the Tenth Circuit before filing a § 2254 petition in this court that challenges his Johnson or Reno County convictions. *See Strader v. Schnurr*, Case No. 22-3229-JWL-JPO, 2022 WL 16833822, *1-2 (D. Kan. Nov. 9, 2022) (unpublished) (dismissing § 2254 challenge to Johnson County convictions as time-barred); *Strader v. Kansas*, Case No. 22-3227-JWL-JPO, 2022 WL 6101270, *1-2 (D. Kan. Oct. 7, 2022) (unpublished) (noting history of multiple § 2254 challenges to Reno County convictions and explaining authorization requirement). Thus, Petitioner's claims in the petition that challenge conditions of confinement, the validity of his convictions, or the sentences as imposed upon him are subject to dismissal.

Petitioner also has been told previously that "[f]ederal habeas relief does not lie for errors of state law." *See Strader*, 2023 WL 2914210, at *3 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). The Court has informed Petitioner that § 2241 is not the appropriate avenue by which to seek as the victim of a crime by state officials. *See Strader v. Kansas*, Case No. 22-3228-JWL-JPO, 2022 WL 6101292, *2 (D. Kan. Oct. 7, 2022) (explaining that Petitioner's assertion that he "was the victim of sexual crimes while incarcerated . . . is not a claim that is properly brought under § 2241 . . . ."). Thus, any state-law-based claims are subject to dismissal from this action.

The only claim in the current petition that appears to be of the type that may be brought under 28 U.S.C. § 2241 is Petitioner's general assertion in Ground One that he was denied due process in disciplinary proceedings that led to the loss of good-time credits. In support of this

claim, Petitioner has included a multi-page list of the numbers assigned to his electronically submitted form 9's and grievances as well as descriptions of Petitioner's correspondence with outside state officials and and agencies. (Doc. 1-1, p. 4-16, 31-32.) Petitioner also includes some documents related to prison disciplinary proceedings, none of which appears to reflect the loss of good-time credits. *Id.* at 18-24, 27-29.

As the Court has previously explained to Petitioner, "if he wishes to seek relief based on events that occurred in the context of disciplinary hearings, he must sufficiently identify the actions on which he bases his challenge." *See Strader*, 2023 WL 2914210, at *2-3 (internal quotation marks omitted) (citing previous cases in which this was explained to Petitioner). Because Petitioner has not done so, his claims related to disciplinary hearings are subject to dismissal for failure to state a claim on which relief can be granted under § 2241.

## Type of Relief Requested

As relief in this action, Petitioner seeks the following: (1) "Relief from Sentence"; (2) Relief from convictions; (3) "Rel[ie]f in Housing"; (4) "Rel[ie]f in Employment"; (5) an order appointing counsel to help Petitioner with his cases; (6) an order that Petitioner be employed in private industry work or be put on work release; (7) an order overturning all of Petitioner's disciplinary reports from 2017 through 2024; (8) monetary damages; and (9) changes to state laws regarding prisoner's rights and the rights of the accused. "[A] petition seeking relief under 28 U.S.C. § 2241 is used to attack the execution of a sentence' by challenging 'the fact or duration of a prisoner's confinement and seek[ing] the remedy of immediate release or a shortened period of confinement." *See Strader*, 2023 WL 2914210, at *2 (internal quotation marks omitted) (citing and quoting previous cases in which this was explained to Petitioner). Petitioner's requests for

relief other than immediate release or a shortened period of confinement are subject to dismissal from this action.

**IT IS THEREFORE ORDERED** that Petitioner's motion (**Doc. 7**) is **granted in part and denied in part**. To the extent that Petitioner seeks additional time to comply with the notice of deficiency (Doc. 3), the motion is **granted**. Petitioner is granted to and including **August 30, 2024** in which to either pay the $5.00 filing fee or submit the documentation required to support his motion to proceed in forma pauperis. To the extent that the motion (Doc. 7) seeks to amend the petition, it is **granted**. Petitioner is granted to and including **August 30, 2024** in which to either file an amended petition or show cause, in writing, why this matter should not be dismissed for the reasons stated in this order. To the extent that the motion seeks relief other than an extension of time to comply with the NOD and permission to file an amended petition, it is **denied**. If Petitioner fails to comply with this order, this matter may be dismissed without prejudice and without further prior notice to Petitioner. The clerk is directed to send Petitioner the appropriate form for filing an amended petition.

**IT IS SO ORDERED.**

DATED:   This 17th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge