## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

      **Petitioner,**

      **v.**                                **CASE NO. 24-3080-JWL**

**LIBBY SNIDER, ET AL.,**

      **Respondents.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241 by Petitioner and state prisoner James C. Strader. (Doc. 1.) On July 15, 2024, Petitioner filed a motion seeking, in part, to amend his petition. (Doc. 7.) In an order issued July 17, 2024, the Court granted Petitioner's motion in part and denied it in part. (Doc. 8.) As now relevant, the Court granted leave to amend the petition and identified certain deficiencies in the initial petition that left this matter subject to dismissal in its entirety because it failed to assert a plausible claim for habeas relief of the sort available under 28 U.S.C. § 2241. *Id.* at 2-7. Thus, the Court advised Plaintiff that if he "chooses to file an amended petition, the amended petition must not contain these same deficiencies. If Petitioner chooses not to file an amended petition, he must show cause, in writing, why this matter should not be dismissed without prejudice due to the deficiencies identified herein." *Id.* at 2-3. Petitioner was granted "to and including August 30, 2024 in which to either file an amended petition or show cause, in writing, why this matter should not be dismissed for the reasons stated in this order." *Id.* at 7.

On August 14, 2024, Petitioner filed 26 pages of documents with this Court.[1] (Doc. 10.)

---

[1] The submission begins by advising this Court that the Kansas Judicial Branch has notified Petitioner that its electronic systems, which included data on Petitioner's state-court cases, was hacked. (Doc. 10, p. 1.) It also includes copies of several documents that appear to relate to two state habeas corpus proceedings in the District Court of Reno

The August 30, 2024 deadline to respond to the Court's order has now passed and Petitioner filed nothing further. Thus, the Court has liberally construed the August 14, 2024 pro se filing as a response to the Court's order. But even liberally construed, the response does not show cause why this matter should not be dismissed. It provides this Court with documents that appear to relate to state-court proceedings but fails to explain how these documents show that this federal habeas corpus matter should not be dismissed for failure to state a plausible claim for habeas relief.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Petitioner has not taken the opportunity to file an amended petition in this matter, nor has he shown cause why this matter should not be dismissed because he has failed to state a plausible claim for relief under 28 U.S.C. § 2241. In other words, it plainly appears from the operative petition—even considering the other documents filed in this matter—that Petitioner is not entitled to relief. Accordingly, this matter must be dismissed without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state

---

County, Kansas: a petition, *id.* at 2-7; copies of letters from the Reno County clerk's office regarding filing, *id.* at 8, 15, 19, 25; a notice of appeal, *id.* at 9-12; copies of an order appointing counsel, *id.* at 13-14; a title page for a motion for discovery filed in state court, *id.* at 16; the state district court's orders of dismissal, *id.* at 17, 20-22; a Kansas Supreme Court order denying the petition for review, *id.* at 18; a motion by the State to dismiss one of the appeals, *id.* at 23-24; and a page containing some headnotes from an unidentified court case, *id.* at 26 .

prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated September 12, 2024, in Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

3